UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ERIC D. JOHNSON, | ) No. CV 13-03778-VBK |
|  Plaintiff, | ) MEMORANDUM OPINION |
|   | ) AND ORDER |
|  v. | ) |
|   | ) (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
|  Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

1 |       dismissed Plaintiff's Case (JS at 3); and

2 |    2.   Whether the ALJ fulfilled his duty to this underrepresented

3 |       Plaintiff (JS at 9)

 

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

I

**THE ALJ PROPERLY DISMISSED THE CASE AT THE ADMINISTRATIVE LEVEL, AND DID NOT FAIL IN HIS DUTY TO DEVELOP THE RECORD**

At the February 7, 2012 hearing before the ALJ, Plaintiff appeared and was represented by attorney Alex Boudov. (AR 13-14.) Plaintiff's counsel made a "Motion to Withdraw" claimant's request for a hearing, acknowledging that this would leave the prior Decision as the final Decision in the claim. (AR 13.) The ALJ addressed Plaintiff directly. He acknowledged a prior hearing which had occurred on October 18, 2011, and recollected that at that hearing Plaintiff had requested additional time to talk with an attorney. On that date, Plaintiff had signed a form entitled "Acknowledgment of Continuance in Order to Obtain Representation." (AR 45.) At the hearing on February 7, 2012, Plaintiff responded affirmatively to the ALJ's observation that he seemed to feel much better about the way things are going. (AR 14.) The ALJ then granted the Motion to Withdraw and directed that the case be dismissed. Plaintiff personally thanked the ALJ, and the hearing was concluded. (Id.)

In this litigation, through his present counsel, Plaintiff asserts that the ALJ did not properly dismiss the case, and failed to

develop the record. Plaintiff notes that he has a psychiatric history, and further notes that in Plaintiff's personal appeal to the Appeals Council, he stated he did not understand why his attorney "withdrew the case." (AR 4.) Plaintiff indicated that he has "mental issues," that he takes medication for mental illness, hears voices, and has attempted suicide. He further asserted that he is paranoid with major depression, and that he is currently seen by "Kedren and Regional Center. I see counselors that prescribe medication and therapy sessions." (Id.)

The Appeals Council denied Plaintiff's request for review, finding that the information provided by Plaintiff did not provide a basis for changing the ALJ's decision to grant the dismissal request. (AR 1-2.)

Following the initial hearing on October 18, 2011, Plaintiff retained attorney Boudov as his representative, and acknowledged by his signature that his representative "may, entirely in my place, make any request or give any notice; give or draw out evidence or information; get information; and receive any notice in connection with my pending claim(s) or asserted right(s)." (AR 47.) Mr. Boudov accepted the appointment, as indicated by his signature on the form. (Id.)

As Plaintiff's representative, Mr. Boudov had full authority to move to withdraw the request for hearing, and to allow the case to be dismissed. (See 20 C.F.R. § 416.1457(a).) No regulation or case law of which this Court is aware requires that the ALJ provide any reason for granting a motion to withdraw. Plaintiff's current counsel has not provided any such authority. The Court will, however, address Plaintiff's apparent contention that because of "mental issues," he

3

should not be bound by his representative's request to withdraw the hearing.

First, the Court has noted that at the 2012 hearing, the ALJ had a colloquy with Plaintiff, whose affirmative responses to the ALJ's comments and questions indicate that he understood what was occurring. Moreover, at the hearing, Plaintiff's counsel indicated that he had "reviewed the file in some detail and discussed the matter with the claimant." (AR 13.)

With regard to Plaintiff's mental issues, his present counsel does not appear to be alleging that Plaintiff was incompetent to proceed with the 2012 hearing, or that due to mental issues, he did not fully comprehend what was occurring. A brief review of documents in the Administrative Record tends to show that Plaintiff was, in fact, competent to proceed. Plaintiff filed his application for disability benefits, and the notes of the field officer interviewer who performed a face-to-face interview indicate that Plaintiff had no difficulty with regard to any possible mental limitations in understanding what was occurring at the interview. (AR 91.)

A psychiatric consultation examination by Dr. Parikh occurred less than two years before the 2012 hearing. (AR 124-130.) Dr. Parikh concluded that Plaintiff had no impairment in concentration, persistence or pace; ability to understand, carry out and remember both simple and detailed instructions; and to respond appropriately to usual situations. (AR 129.) A Psychiatric Review Technique ("PRT") was completed on December 3, 2010 by Paul Cherry, Ph.D. Dr. Cherry assessed mild functional limitations in the areas of restriction of activities of daily living; difficulties in maintaining social functioning; and difficulties in maintaining concentration,

4

1  persistence or pace. There were no episodes of decompensation of any
2  extended duration. (AR 154.)
3     The above conclusions are consistent with those reached by Dr.
4  Nguyen, a psychiatrist, who on November 3, 2006 performed a
5  psychiatric evaluation at the request of the Department of Social
6  Services. (AR 118-121.)  His report found no mental limitations.
7     Thus, despite the present assertions made by Plaintiff's counsel
8  that he has mental issues or impairments which substantively affect
9  his ability to comprehend the withdrawal of the hearing requested by
10 his counsel at the time of the appearance before the ALJ, in fact, the
11 psychiatric records available to the Court do not substantiate this
12 claim. Further, as the Commissioner notes, Plaintiff fully
13 participated in completing acknowledgment forms regarding the notice
14 of his original hearing of October 18, 2011 (AR 44); appeared at that
15 hearing and agreed to a continuance so he could obtain a
16 representative (AR 45). Plaintiff then received two notices of hearing
17 for the February 7, 2012 hearing, and mailed in acknowledgment of
18 receipt of that notice. (AR 78.)  Finally, Plaintiff prepared and
19 filed a request for review to the Appeals Council. (AR 4-6.)
20    Thus, the Court fails to find sufficient evidence of any level of
21 mental impairment which would call into question Plaintiff's ability
22 to comprehend his representative's motion to withdraw. Further, the
23 Court concludes that the ALJ fully developed the record with regard to
24 mental issues by obtaining the aforementioned 2010 consultative
25 psychiatric examination. Finally, the assertion by Plaintiff's counsel
26 as to the rate of dismissals of hearings by this ALJ is anecdotal, and
27 is not persuasive to the Court.
28    For the foregoing reasons, the Court affirms the dismissal of the

hearing by the ALJ. The Decision of the Commissioner will be affirmed, and this matter will be dismissed with prejudice.

**IT IS SO ORDERED.**


DATED: February 25, 2014                    /s/
                                VICTOR B. KENTON
                                UNITED STATES MAGISTRATE JUDGE